---

## SNYDER v. MACKEY.

(Supreme Court, Appellate Division, Third Department.   May 4, 1910.)

1. MASTER AND SERVANT (§ 332*)—LIABILITIES FOR INJURIES TO THIRD PERSONS—PUNITIVE DAMAGES—INSTRUCTIONS.

In an action against an employer and his employé for acts of the employé in attempting by force to enter plaintiff's premises, where the employer was not present and it did not clearly appear that he was responsible for the employé's attempt to enter the premises with force, a charge that the jury, if they found that defendants, or either of them, against whom they might find a verdict, acted maliciously and wantonly, could add to the compensatory damages punitive damages, but that such damages could not be imposed unless there was actual malice on the part of the defendant, or wanton disregard of plaintiff's rights, was erroneous, as calculated to permit punitive damages against the employer for the malicious and wanton acts of the employé, though the employer was not a party thereto or responsible therefor.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*]

2. TRIAL (§ 207*)—RECEPTION OF EVIDENCE—RESTRICTION TO SPECIAL PURPOSE —SUFFICIENCY.

Admissions by an employé, tending to show, not only that his acts, for which he and his employer were sued, were wrong, but that they were malicious and dictated by the employer, were received generally against both defendants over the employer's objection that it was not evidence against him. Near the close of the case, after several such questions had been answered, in ruling upon the same question, the court overruled the objection and received the evidence, stating that the admissions of the employé were not evidence against the employer, and that the jury could not consider such evidence against him. Immediately after, a similar question

was asked, the same objection was made and overruled, and the evidence received, apparently against both defendants, and the employer's motion to strike out the answer on such ground was denied. *Held*, that the jury was not sufficiently instructed to disregard the evidence as against the employer.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 207.*]

Appeal from Trial Term, Delaware County.

Action by Augusta F. Snyder against Leroy S. Mackey and another. From a judgment for plaintiff, and from an order denying a new trial, defendant Mackey appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

E. A. Mackey (C. L. Andrus, of counsel), for appellant.

Marvin & Hanford (F. L. Raymond and E. H. Hanford, of counsel), for respondent.

JOHN M. KELLOGG, J. The defendant Maxwell was in the employ of his codefendant, Mackey, and while engaged in such service attempted to enter the premises where the plaintiff resided, but where the defendant Mackey claimed the right to work. She resisted the entry, and he attempted to enter with force, and injured her, for which this recovery was had. The defendant Mackey was not present, and it does not clearly appear that he was responsible for the attempt by Maxwell to enter the premises with force.

The damages are excessive. The charge of the judge with reference to punitive damages may well have been understood by the jury to permit punitive damages against Mackey for the malicious and wanton acts of Maxwell, although Mackey was not a party to or responsible for the particular acts which made the assault malicious and wanton. The words used were:

"You have a right, if you find that the defendants, or either of them, against whom you find a verdict, acted maliciously and wantonly, or with a wanton disregard of the plaintiff's rights, you have a right to add to his compensatory damages what the law denominates 'punitive damages'; and punitive damages, as the name indicates, are damages by way of punishment—first, punishment to the defendant for the act which he has committed; and, secondly, as a deterrent to others to prevent other people from doing similar acts. But this punitive damage, as I have already said to you, cannot be imposed, unless you find that there was malice on the part of the defendant, or wanton disregard of the plaintiff's rights."

The defendants excepted to the charge with reference to punitive damages as against the defendant Mackey in any event, and asked the charge that upon the facts disclosed the defendant Mackey would not be liable for punitive damages, which was declined, and he excepted.

Several admissions made by Maxwell were offered tending to show, not only that his acts were wrong, but that they were malicious and dictated by Mackey. This was objected to by Mackey as not evidence against him, but was received generally. Near the close of the case, after several such questions had been answered, in ruling upon the same question, the court overruled the objection and received the evidence, saying in substance that the admissions of Maxwell were

not evidence against Mackey, and that the jury, when they come to consider the question, will not consider such evidence against him. Immediately after, a similar question was asked, the same objection was made and overruled, and the evidence received. This evidence had been received generally against both defendants, and after this ruling was again received, apparently for the same purpose. The jury was not sufficiently instructed to disregard this evidence as against Mackey, and the large amount of the verdict can only properly be explained by the fact that the jury did not understand the true rule to be applied against Mackey as to punitive damages, and that they failed to disregard the loose declarations made by Maxwell. The declarations of Maxwell that what he did was under old Mackey's order was received over Mackey's objection as not evidence against him, and after it was received he moved to strike the answer out for the same reason, which was denied. This ruling was clearly prejudicial error.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; HOUGHTON, J., in result.

